# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Statesboro Division

| | |
|---|---|
| In the matter of: ) | **FILED** |
| ) | Samuel L. Kay, Clerk |
| JAMES G. SHANNON, JR. ) | United States Bankruptcy Court |
| (Chapter 11 Case Number <u>09-61153</u>) ) | Savannah, Georgia |
| ) | By lbarnard at 5:07 pm, Aug 31, 2010 |
| *Debtor* ) | |
| ) | |
| JOSE MARCIAL REYES-FUENTES, ) | Adversary Proceeding |
| ET AL., ) | |
| ) | Number <u>10-6012</u> |
| *Plaintiffs* ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES G. SHANNON, JR. ) | |
| ) | |
| *Defendant* ) | |
| ) | |
| <u>and</u> | |
| ) | |
| CLEMENTE MORALES-ARCADIO, ) | Adversary Proceeding |
| ET AL., ) | |
| ) | Number <u>10-6013</u> |
| *Plaintiffs* ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES G. SHANNON, JR. ) | |
| ) | |
| *Defendant* ) | |

## MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTIONS TO STAY CASE

### FINDINGS OF FACT

Debtor, a muscadine farmer, filed Chapter 11 on December 4, 2009. Prior to this filing, two different groups filed employment retaliation claims against Debtor in the United States District Court for the Southern District of Georgia. The Morales-Arcadio creditors hold multiple judgments entered in their favor. Two judgments were entered against Debtor jointly with Shannon Produce Farms (one for $25,000.00 and another for approximately $125,000.00), and one was entered against Shannon Produce Farms alone ($350,000.00). The Reyes-Fuentes plaintiffs filed a Motion for Relief from Stay on January 15, 2010, requesting that their separate action in district court be allowed to proceed to judgment. In re Shannon, Case No. 09-61153, Dckt. No. 25. A hearing was held on April 9, 2010, during which the Motion for Relief from Stay was granted. In re Shannon, Case No. 09-61153, Dckt. No. 93. That case is now pending in the United States District Court for the Southern District of Georgia.

In Debtor's Chapter 11 case, both the Morales-Arcadio creditors and the Reyes-Fuentes plaintiffs (together "Creditors") requested extensions on their time limits to file § 523(c) complaints to determine dischargeability ("§ 523(c) actions"), citing Debtor's failure to cooperate in discovery requests as the reason they needed more time. The requests were filed on or near the deadline imposed by Federal Rule of Bankruptcy Procedure 4007(c).[1]

---

[1] "[A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed. R.

At the April 9, 2010, hearing I found that cause existed to grant the extensions requested, but Debtor argued that while the motions were filed by the deadline, they were not timely because they were not granted by the deadline. After researching Debtor's contention, in a May 20, 2010, order I noted that Bankruptcy Rule 4007(c) requires a complaint to determine the dischargeability of a debt under § 523(c) to be filed (not granted) within sixty days after the first date set for the meeting of the creditors under § 341. Because both of the Motions to Extend were filed by this time, I held that the motions were timely. In re Shannon, Case No. 09-61153, Dckt. No. 139 (May 20, 2010). Because cause existed to grant the extensions and because the motions were timely filed, I granted both of the Creditors' Motions to Extend Deadlines for § 523(c) actions. Pursuant to that Order, Creditors had until June 7, 2010, to file § 523(c) actions. Debtor has appealed that decision.

On June 7, 2010, both Creditors commenced adversary proceedings, filing two separate § 523(c)[2] actions to determine whether Debtor's debts to Creditors are nondischargeable. Complaint, Case No. 10-06012, Dckt. No. 1; Complaint, Case No. 10-

---

Bankr. P. 4007(c).

[2]The Morales-Arcadio creditors filed a complaint alleging that the judgments owed them are nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (B). The Reyes-Fuentes plaintiffs filed a complaint alleging that the as-yet undetermined judgment owed them is nondischargeable under 11 U.S.C. § 523(a)(6).

Creditors filed these complaints pursuant to 11 U.S.C. § 523(c)(1), which provides: "[T]he debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

06013, Dckt. No. 1. In both of these cases, Debtor answered the complaint, then moved this Court—presumably pursuant to Bankruptcy Rule 8005—to stay the § 523(c) actions until the pending appeal is concluded. Motion, Case No. 10-06012, Dckt. No. 10 (July 10, 2010); Motion, Case No. 10-06013, Dckt. No. 10 (July 10, 2010). These two Motions to Stay Pending Appeal, filed by Debtor in Creditors' two separate § 523(c) actions, are the subject of this Order.

Because the two motions present the same question of law and almost identical questions of fact, I will address the two motions in a single order.

## CONCLUSIONS OF LAW

### A. The Standard

Bankruptcy Rule 8005 provides that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." This Court has regularly applied a four factor test to determine whether discretionary stay should be granted pursuant to Bankruptcy Rule 8005:

> 1) [T]he likelihood the movant will prevail on the merits on appeal; 2) whether, absent a stay, the movant will suffer irreparable damage; 3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and 4) whether the public interest will be served, rather than disserved, by issuing the stay.

In re Williamson, 414 B.R. 892, 894 (Bankr. S.D. Ga. 2009) (Davis, J.) (quoting In re Arnal,

4

2003 WL 22709326, *1 (Bankr. S.D. Ga. 2003) (Davis, J.)).

> However, not all four factors weigh equally.
>
> Ordinarily, the first factor, likelihood of an appeal's success, is the most important factor when determining whether to grant a stay pending appeal. However, a movant does not always have to demonstrate a probable likelihood of success on the merits on appeal. Where the balance of the equities (factors 2 through 4) weigh heavily in favor of granting the stay, the movant need only show a "substantial case on the merits."

Id. I will address the four factors in turn.

### B. The Likelihood of Success Factor Does Not Support Granting the Stay

I look first to whether Debtor will prevail on the merits. Debtor has not demonstrated a probable likelihood of success on the merits on appeal. In fact, Debtor cited no additional facts or authority contrary to this Court's holding. Debtor has only indicated that the Order has been appealed, and that if he is successful on his appeal Creditors' complaints would be untimely. Motion, Case No. 10-06012, Dckt. No. 10, ¶ 4; Motion, Case No. 10-06013, Dckt. No. 10, ¶ 4. This recitation is insufficient to demonstrate a probable likelihood that Debtor will succeed on the merits.

However, Debtor can avail himself of a lower evidentiary burden on this first factor. If the remaining three factors "weigh heavily in favor of granting the stay," then Debtor needs only to show a "substantial case on the merits." Williamson, 414 B.R. at 894 (quoting Arnal, 2003 WL 22709326 at *1). Debtor has not shown that this Court's May 20,

5

2010, Findings of Fact were clearly erroneous—the standard for overturning a bankruptcy court's findings of fact (Bankr. R. Civ. P. 8013)—and he has not directed the Court's attention to any law contrary to the rule handed down in the May 20, 2010, order. As such, Debtor has not shown a substantial case on the merits. In In re Arnal, I held that a debtor showed a substantial case on the merits because while the case was ostensibly governed by an applicable Eleventh Circuit case, there were multiple factual distinctions "which might very well lead the District Court or the Eleventh Circuit to conclude that . . . [the governing case] should not be controlling on these facts." 2003 WL 22709326 at *1. Debtor in this case has directed this Court to no such distinction.

## C. The Remaining Three Factors Do Not Weigh Heavily in Favor of Granting the Stay

Second, Debtor has made no showing that he will suffer irreparable damage if the stays are not granted. He has presented no evidence showing damage of any kind. At worst, if his two Motions to Stay are denied, Debtor will face allegations that the judgment debts are nondischargeable. This is not irreparable damage, it simply requires Debtor to litigate these allegations. *See* Arnal, 2003 WL 22709326 at *1 (holding that a debtor that—if stay was not granted would be incarcerated, would likely lose his job, and would therefore be unable to fund his bankruptcy plan—would suffer irreparable injury).

Third, Debtor has failed to prove that the Creditors will not suffer substantial harm from the issuance of the stay. If the stay is granted, Creditors will be substantially delayed from continuing the § 523(c) actions until Debtor discontinues the appeals process.

Considering that Debtor could appeal to both the district and circuit level, Creditors' § 523(c) actions may be delayed for months or even years. This delay would likely cause substantial harm to Creditors, considering Debtor will be required to pay these claims in full if they are determined to be non-dischargeable.

Fourth, Debtor has not proved that the public interest will be served, rather than disserved, by issuing the stay. In fact, allowing Debtor to buy more time to avoid trial of nondischargeability issues may in fact be contrary to the public interest. Whether Debtor has caused "willful and malicious injury" to Creditors (11 U.S.C. § 523(a)(6)), or whether he has fraudulently obtained some good or service from the Creditors (11 U.S.C. § 523(a)(2)) —as alleged by the Creditors in their §523(c) actions—is a determination that could shed light on the character of Debtor and his business practices. If Debtor is to continue his operation of the farm as part of a reorganization, the public interest is better served by adjudication of these allegations, either to prove them or to dispel the cloud of uncertainty over how he treats his employees. Ultimately, it is Debtor's burden to prove that the public interest will be served by issuing the stay. Debtor has not carried this burden.

Debtor has neither shown a "substantial case on the merits," nor proven that the "balance of the equities (factors 2 through 4) weigh heavily in favor of granting the stay . . . ." In re Williamson, 414 B.R. 892, 894 (Bankr. S.D. Ga. 2009) (Davis, J.) (quoting Arnal, 2003 WL 22709326 at *1).

## D. Conclusion

Because the four factors used by this Court to determine whether discretionary stay should be granted pursuant to Bankruptcy Rule 8005 weigh against granting stay, Creditors' § 523(c) actions—to establish that the debts owed to them by Debtor are nondischargeable—are allowed to proceed.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Debtor's Motions to Stay Case are DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 31st day of August, 2010.